IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher Leon Clark-Bey, ) | C/A No. 0:11-2426-HFF-PJG |
| Plaintiff, ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| Richard Baumgarter; Robert P. Murrian; Leon Jordan; Darlene Drew, ) | |
| Defendants. ) | |

The plaintiff, Christopher Leon Clark-Bey, ("Plaintiff"), proceeding *pro se*, purportedly brings this action pursuant to 42 U.S.C. § 1983 and Bivens[1] seeking release from prison. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is an inmate at the Federal Correctional Institution in Bennettsville, South Carolina, and files this action *in forma pauperis* under 28 U.S.C. § 1915. As a suit challenging the fact or duration of confinement is not cognizable under § 1983 or Bivens, this case is subject to summary dismissal.

**INITIAL REVIEW GENERALLY**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319,

---

[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 397 (1971).



324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[2] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

---

[2] Screening pursuant to § 1915A is subject to this standard as well.



Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

Plaintiff challenges the fact and duration of his confinement, naming as defendants the warden of Bennettsville Federal Correctional Institution and three Tennessee-based state and federal judges. Plaintiff claims he is a "Moorish American" citizen of the "American-Republic", and that he is being held in servitude without the representation of his Consul. (ECF No. 1 at 3.) Whatever the reason Plaintiff believes he is being held illegally, his attempt to challenge his conviction and sentence via a hybrid § 1983 and Bivens complaint is unavailing. It is not clear whether Plaintiff is challenging state convictions, federal convictions, or both, but he cannot do either in this case.

In Bivens, the United States Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of



federal constitutional rights. A <u>Bivens</u> claim is analogous to a claim under 42 U.S.C. § 1983— federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of state law. <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 814-20 (1982). Case law involving § 1983 claims is applicable in <u>Bivens</u> actions and vice versa. See <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994).

Plaintiff seeks release from imprisonment. If he is seeking release from confinement pursuant to a state court sentence, he must file pursuant to the federal habeas corpus statute that applies to state convictions, 28 U.S.C. § 2254. Both § 1983 and § 2254 provide access to a federal forum for claims of unconstitutional treatment at the hands of state officials, but "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." <u>Heck v. Humphrey</u>, 512 U.S. 477, 481 (1994) (citing <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973)).

Likewise, "[t]his rule applies equally to <u>Bivens</u> actions," brought by prisoners who are incarcerated pursuant to federal convictions. <u>Abella v. Rubino</u>, 63 F.3d 1063, 1066 (11th Cir. 1995). A suit challenging the fact or duration of confinement is not cognizable under *Bivens*. <u>Id.</u>

Title 28, Chapter 153 of the United States Code provides a statutory framework for federal post-conviction relief from judgments of conviction. <u>In re Vial</u>, 115 F.3d 1192 (4th Cir. 1997). Under this framework, those convicted in federal court are required to bring collateral attacks challenging the validity of their judgment and sentence by proceeding under 28 U.S.C. § 2255, which reads:



> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Although the instant Complaint is brought pursuant to § 1983 and Bivens, the claims appear to represent a collateral attack upon a conviction in and sentence imposed by the district court in the Eastern District of Tennessee.[3]  This kind of attack is properly reserved for a motion filed pursuant to § 2255 in the sentencing court.  See id.

### RECOMMENDATION

Accordingly, the court recommends that the Complaint in this action be dismissed without prejudice and without issuance and service of process.  See United Mine Workers v. Gibbs, 383 U.S. 715 (1966); see also Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 6, 2011
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

---

[3] A search of this court's docket reveals no criminal convictions in the District of South Carolina.  However, a search of the Public Access to Court Electronic Records (PACER) reveals a conviction in the Eastern District of Tennessee, C/A No. 3:00-00100.  It appears that this is at least one conviction relevant to this case, as Plaintiff names two Eastern District of Tennessee District Judges, Robert P. Murrian and Leon Jordan, as defendants.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Larry W. Propes, Clerk
>United States District Court
>901 Richland Street
>Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).