IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Christopher Leon Clark-Bey,            )<br>                                       )<br>            Plaintiff,            )<br>                                       )<br>      v.                                    )<br>                                       )<br>Richard Baumgarter; Robert P. Murrian;  )<br>Leon Jordan; Darlene Drew,              )<br>                                       )<br>            Defendants.            )<br>_____ | C/A No. 0:11-2426-TMC<br><br>**OPINION and ORDER** |

    Christopher Leon Clark-Bey ("Plaintiff"), a federal prisoner proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) seeking release from prison. Plaintiff is in an inmate at the Federal Correctional Institution in Bennettsville, South Carolina, and filed this action *in forma pauperis* under 28 U.S.C. § 1915. The Magistrate Judge's Report and Recommendation, filed on October 7, 2011, recommended that this action be dismissed without prejudice and without issuance and service of process (Dkt. # 9). Plaintiff was advised of his right to file objections to the Report and Recommendation (Dkt. # 9 at 6), and Plaintiff thereafter filed objections on October 11, 2011. (Dkt. # 12).

    The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir.2005) stating that "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" (quoting Fed.R.Civ.P. 72 advisory committee's

note).  The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

As noted above, Plaintiff filed objections to the Report which the court has carefully reviewed.  However, they provide no basis for this court to deviate from the Magistrate Judge's recommended disposition.

In his complaint, Plaintiff challenges the fact and duration of his confinement, naming as Defendants the warden of Bennettsville Correctional Institution and three Tennessee-based state and federal judges.  Plaintiff claims he is a "Moorish-American" citizen of the "American-Republic", and that he is being held in servitude without the representation of his Consul. (ECF Dkt. # 1 at 3).  Whatever the reason Plaintiff believes he is being held illegally, his attempt to challenge his conviction and sentence via a hybrid § 1983 and *Bivens* complaint is unavailing.  It is not clear whether Plaintiff is challenging state convictions, federal convictions, or both, but he cannot do either in this case.

Here, as the Magistrate Judge noted, although the instant Complaint is brought pursuant to § 1983 and *Bivens*, the claims appear to represent a collateral attack upon a conviction in and sentence imposed by the district court in the Eastern District of Tennessee.  (See Footnote 3 in the Report (Dkt. # 9 at 5).  This kind of attack is properly reserved for a motion filed pursuant to § 2255 in the sentencing court.  *See id.*

Accordingly, after a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court finds Plaintiff's objections are without merit.  Accordingly, the court adopts the Report and incorporates it herein.  It is therefore **ORDERED** that the Complaint in this action is **DISMISSED** without prejudice and without issuance and service of process.  *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); see also Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).

**IT IS SO ORDERED.**

                                                  s/Timothy M. Cain
                                                  United States District Judge

Greenville, South Carolina
January 11, 2012

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.